<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| E.G., | : | Civil Action No. 23-12966 (SRC) |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**CHESLER**, District Judge

   This matter comes before the Court on Plaintiff E.G.'s ("Plaintiff") appeal of the Commissioner of Social Security's ("Commissioner") final decision that Plaintiff was not disabled under the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and resulting denial of Plaintiff's application for disability insurance benefits. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having reviewed the papers, proceeds to rule on the appeal without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the following reasons, the Court will **VACATE** the Commissioner's decision and **REMAND** this matter for further proceedings in accordance with this Opinion.

  I.  **BACKGROUND**

   On October 10, 2020, Plaintiff applied for disability insurance benefits, alleging a disability onset date of July 6, 2020, due to Guillain-Barre Syndrome with associated poor balance and neuropathy in his extremities, back and neck injuries, an ankle injury, and depression. (ECF No.

3, Administrative Record ("R.") at 144). Plaintiff's claim was denied on March 12, 2021 and again

on reconsideration. (Id. at 43). Plaintiff then requested a hearing before an Administrative Law

Judge. On October 26, 2021, Administrative Law Judge Beth Shillin (the "ALJ") held a hearing,

which featured testimony from Plaintiff and a vocational expert. (Id. at 74-114). On April 1, 2022,

the ALJ issued an unfavorable decision, finding Plaintiff not disabled from July 6, 2020 through

the date of the decision. (Id. at 43-62).

> The ALJ found Plaintiff's residual functional capacity ("RFC") as follows:

>> The claimant can perform light work with the following limitations:
>> The claimant cannot climb ladders, scaffolds, or ropes, and cannot
>> work around heavy machinery. The claimant can occasionally climb
>> stairs and ramps, and perform occasional stooping, crouching,
>> kneeling, balancing, and crawling. The claimant can occasionally
>> operate foot controls.

(Id. at 55). Based on the vocational expert's testimony, the ALJ concluded that Plaintiff's RFC

allowed him to perform past relevant work and that, additionally, Plaintiff's RFC, age, education,

work experience, and transferable skills qualified him for the sedentary position of calculating

machine operator, a position with a significant number of jobs in the national economy. (Id. at 61-

62). The ALJ further explained that, even if Plaintiff's RFC limited him to sedentary work, he

could nevertheless perform three positions of his past relevant work—categorized as "light" in the

Dictionary of Occupational Titles but actually performed at the sedentary level—based on the

vocational expert's analysis of Plaintiff's testimony. (Id. at 61). Plaintiff sought review before the

Appeals Council, which was denied, making the ALJ's decision the Commissioner's final decision

on Plaintiff's application. (Id. at 1-4). On August 30, 2023, Plaintiff filed the instant appeal.

Plaintiff argues this Court should reverse the Commissioner's decision or, in the

alternative, remand this matter for reconsideration. Plaintiff advances several arguments in support

of his appeal: (1) At step two, the ALJ erroneously categorized several medically determinable impairments or combinations of impairments as non-severe, leading to a flawed RFC determination; (2) the ALJ's analysis of Plaintiff's obesity is deficient under Diaz v. Comm'r of Soc. Sec., 577 F.3d 500 (3d Cir. 2009), which requires discussion of the claimant's obesity in combination with other impairments; and (3) the RFC determination lacks a functional analysis, is not supported by the medical evidence, and otherwise lacks any explanation of the ALJ's reasoning sufficient to allow for meaningful judicial review.

## II.   DISCUSSION

An applicant for disability insurance benefits bears the burden of showing a qualifying disability, meaning, in Plaintiff's case, an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the applicant's mental or physical impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A). A five-step process governs the Commissioner's disability determination, and the applicant bears the burden of proof on steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). This burden follows the applicant throughout the appeals process. Id. Therefore, Plaintiff must show this Court (1) that the Commissioner erred, and (2) that the error was harmful, meaning that, but for the error, he might have proven his disability. See Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009).

3

The reviewing court must affirm the Commissioner's final decision if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Zirnsak v. Colvin, 777 F.3d 607, 610 (3d Cir. 2014) (quoting Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)). In essence, substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The Third Circuit has held that "[a] federal court's substantial-evidence review is quite limited," and "[a] court may not weigh the evidence or substitute its own findings for the Commissioner's." Davern v. Comm'r of Soc. Sec., 660 F. App'x 169, 173-74 (3d Cir. 2016) (quoting Rutherford, 399 F.3d at 552); see also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

These limitations on the court's scope of review engender the requirement that an ALJ adequately explain his or her reasoning in a manner that allows for meaningful judicial review. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119-20 (3d Cir. 2000) ("On remand, the ALJ shall fully develop the record and explain his findings…."); see also Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981); Hargenrader v. Califano, 575 F.2d 434, 436-37 (3d Cir. 1978). However, an ALJ need not "use particular language or adhere to a particular format in conducting his analysis," so long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). If the ALJ fails to satisfy this baseline requirement, the appropriate recourse is to vacate the decision and remand the matter for further analysis. Burnett, 220 F.3d at 120.

Plaintiff advances several arguments for reversing or vacating the Commissioner's decision. Because the Court must vacate the decision and remand this matter if it agrees with

Plaintiff's contention that the ALJ's step four RFC determination lacks an explanation sufficient to allow for meaningful judicial review, the Court addresses this argument first.

At step four, the ALJ determined that Plaintiff's RFC permitted him to perform the demands of light work. "Light work" in this context means:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 404.1567(b). In addition, Social Security Ruling ("SSR") 83-10 clarifies that "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

In arriving at the RFC determination, the ALJ reviewed Plaintiff's testimony concerning his impairments and activities of daily living ("ADLs") as well as medical records from treating physicians, consultive examiners, and state agency reviewers. To support an RFC determination of light work, there must be evidence in the record which "a reasonable mind might accept as adequate to support" a conclusion that Plaintiff can stand and walk up to six hours each day and lift up to twenty pounds. See Richardson, 402 U.S. at 401. The state agency reviewers found Plaintiff capable of lifting no more than ten pounds and standing and walking no more than four

hours each day.[1] (R. at 145-159). Thus, the state agency reviewers restricted Plaintiff to sedentary work, with certain postural limitations. (Id.); see SSR 83-10. The ALJ elevated Plaintiff's RFC to light work, based on her impression that Plaintiff's "ADL[s] reflect a greater level of activity." (R. at 59). By way of explanation, the ALJ proceeded to list Plaintiff's ADLs:

> The record shows that the claimant drives, prepares meals, shops in stores, cleans, does laundry, and takes care of his mother. He reported that he still tries to do woodworking and he still goes hunting with his cousin, although he uses a walking stick and sits in a chair to hunt.

(Id.) (citation omitted). The ALJ also revised the state agency reviewers' postural limitations—lowering some and raising others—based on her analysis of Plaintiff's ADLs and the medical evidence. (Id.).

Although it is apparent the ALJ carefully reviewed the evidence, the decision fails to explain how the ALJ arrived at the conclusion that Plaintiff is capable of light work. Specifically, the decision is bereft of any discussion of Plaintiff's ability to stand and walk during a workday; its light work RFC determination appears to rest solely on a list of ADLs that purportedly demonstrate a "greater level of activity" than the sedentary work restriction recommended by the state agency reviewers. (Id.). A list of ADLs does not satisfy the ALJ's duty to explain "why probative evidence has been rejected," namely, the reports of the state agency reviewers. See Cotter, 642 F.2d at 707. Indeed, "there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record." Id. at 706. Otherwise, this Court is unable to assess whether the ALJ has rejected the state agency reviewers' conclusions for "no reason or the wrong reason." Plummer v. Apfel, 186

_____

[1] The records do not state whether the four-hour standing and walking limitation is within the context of a standard eight-hour workday or over the course of twenty-four hours. See (R. at 148, 156).

F.3d 422, 429 (3d Cir. 1999) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir.1993)). For example, as the decision stands, one potential reading is that the ALJ has improperly "employ[ed] her own expertise against that of a physician who presents competent medical evidence." See id. The state agency reviewers, relying on medical records and function reports, pointed to Plaintiff's back and neck impairments, neuropathy, and balance deficits due to Guillain-Barre Syndrome as justification for limiting Plaintiff to four hours of standing and walking and lifting no more than ten pounds. (R. at 148, 156). The ALJ dismissed this evidence with the single, conclusory statement that Plaintiff's ADLs "reflect a greater level of activity." (Id. at 59). Absent more analysis and discussion, the RFC determination does not contain sufficient explanation to permit meaningful judicial review of the ALJ's conclusion that Plaintiff can perform light work. See Burnett, 220 F.3d at 119-20.

At this point in the decision, the ALJ's analysis drifted into uncharted waters: there is nothing in the administrative record that a reasonable mind could see as adequate proof of Plaintiff's ability to stand and walk for six hours and lift up to twenty pounds. The only medical evidence the ALJ found persuasive addressing Plaintiff's physical limitations was from Plaintiff's treating physician Dr. David P. Brown ("Dr. Brown"). (R. at 60). However, Dr. Brown's records do not state or suggest Plaintiff is capable of light work; rather, these records reflect that Plaintiff demonstrated diminished deep tendon reflexes and reduced sensation in his lower extremities, balance deficits, impaired gait, difficulty with "toe rises," and an inability to walk toe to heel. (Id. at 1076-1079). Plaintiff's function reports and third-party function reports—which state that Plaintiff has movement and balance difficulties, needs rest after walking distances as short as 100 yards or 1/4 mile, experiences pain when sitting and standing for long periods, cannot lift heavy objects, and has pain, numbness and fatigue in his lower extremities—similarly provide no support

7

for the RFC determination. (Id. at 304-344).  Lastly, Plaintiff describes his ADLs as shopping "in short time frames" or with "shorter grocery lists," cooking but sitting "more now" when doing so, laundry (which takes up to one day's time due to Plaintiff's difficulty navigating the stairs), and cleaning the house "a little every day" (with a professional cleaner handling the rest). (Id. at 296-303, 312-319, 328-336). Plaintiff's ADLs are not substantial evidence of an ability to stand and walk, off and on, for six hours a day, or lift up to 20 pounds. Neither are Plaintiff's hobbies: carving with chisels and hunting while sitting in a chair.

Another barrier to judicial review is the ALJ's failure to adequately address medical evidence which could reasonably be viewed as not supporting a light work RFC determination. See Cotter, 642 F.2d at 706-07. The administrative record is replete with medical records and function reports documenting Plaintiff's impairments, including balance issues, numbness and neuropathy in his legs and feet, poor muscle control and reflexes in his legs, and limitations with walking, standing, and dynamic activity. Chief among such records are Plaintiff's physical therapy reports, but the ALJ did not explain what persuasive value, if any, they carried in the RFC analysis. See (R. at 57-60). Moreover, while the ALJ noted the portions of Plaintiff's physical therapy records documenting improvement—that Plaintiff achieved "maximum benefit" and met 3/4 short-term goals and 3/5 long-term goals—the decision makes no mention of Plaintiff's continued physical limitations—the goals Plaintiff did not reach. (Id. at 57). Namely, as of September 23, 2021, Plaintiff could not perform forty-five minutes of dynamic activity or stand for thirty seconds (eyes closed), or one minute (eyes open), without swaying. (Id. at 662-663). The ALJ's decision must account for such evidence; otherwise, the Court assumes it was simply ignored or overlooked. See Plummer, 186 F.3d at 429; Cotter, 642 F.2d at 705 ("There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis

8

on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review."). Consequently, the ALJ's decision must be vacated, and this matter remanded for further consideration.[2]

The decision to vacate and remand this matter is justified by the failure of the Commissioner's decision to provide an adequate explanation of the RFC determination. The Court finds additional cause for concern in certain inferences the ALJ drew from the evidence. First, based on records from a treating physician, Dr. Charen, that Plaintiff would return to "regular duty" work activities as of September 21, 2020, the ALJ inferred that Plaintiff's "other impairments were not totally debilitating." (R. at 57-60, 1149). However, these records purely document the treatment of Plaintiff's left ankle fracture and do not contain any information as to Plaintiff's "other impairments." (Id. at 1149-1154). Moreover, the Court notes Dr. Charen's records further state that Plaintiff's employer was "going to evaluate him for when he can safely return to work." (Id. at 1149). Indeed, Plaintiff testified at the October 26, 2021 hearing that, although he returned to work briefly after his left ankle fracture, he was unable to resume his regular duties. (Id. at 88-89). Also troubling is the ALJ's inference that, because Plaintiff "was mowing his lawn when he fell [and fractured his left ankle], [this] indicates he was able to do household chores despite his neuropathy, back pain, and previous right ankle fracture." (Id. at 57). The purpose of making this statement is unclear, as Plaintiff's left ankle fracture marked the onset date of his alleged qualifying disability, and Plaintiff testified the incident significantly altered his physical capabilities. (Id. at 88-89). These inferences, viewed in light of the inadequately explained

---

[2] The Commissioner argues that any error in the RFC determination is harmless, as the ALJ went on to state that, even with a sedentary work restriction, Plaintiff could perform past relevant work and had transferable skills for a sedentary position existing in significant numbers in the national economy. Def. Opp. Br. at 27. However, because the RFC determination is not amenable to judicial review, the Court need not reach this argument. See Burnett, 220 F.3d at 120.

RFC determination, further raise the suspicion that the RFC determination is the result of lay opinion and speculation separate and apart from the objective medical evidence.

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's decision on Plaintiff's application for disability insurance benefits is not amendable to judicial review. Therefore, the Commissioner's decision is **VACATED**, and this matter is **REMANDED** for further proceedings in accordance with this Opinion. An appropriate Order shall be filed together with this Opinion.

/s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: August 13, 2024